IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| GENE STUART HAGOOD, | § | |
| DOUGLAS ALFRED HAAAS, | § | |
| HA HA MEXICO, S. de R.L. de C.V. | § | |
| and GMH INVESTMENTS, L.L.C. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-11-139 |
| | § | |
| LEE DONN, | § | |
| PREMIER PARTNERS MEXICO, INC., | § | |
| S.A de C.V. | § | |
| and GLORIA ADRIANA CISNEROS | § | |
| BALDENEGRO | § | |

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

Before the Court, with the consent of the Parties under 28 U.S.C. § 636(c), is the Motion for Partial Summary Judgment of Plaintiffs, Gene Stuart Hagood (Hagood), Douglas Alfred Haas (Haas), Haha Mexico, S. de R.L. de C.V. (Haha Mexico) and GMH Investments, L.L.C. (GMH); the Motion seeks summary judgments for amounts due Plaintiffs by Defendants, Lee Donn (Donn) and Premier Partners Mexico, Inc. (Premier), under certain financial transactions involving a condominium project in Mazatlan, Mexico.

Some recent developments of record in the file have caused the Court to give this matter its prompt attention. According to defense counsel, the primary Defendant, Lee Donn, who resides in Mexico, has been recalcitrant by failing to provide timely discovery responses. Donn has also indicated that he may not be able to pay counsel. In fact, counsel has filed a Motion to Withdraw which, if granted, could drastically impede, if not destroy, the Court's ability to efficiently manage this case given its foreign ties. Consequently, the Court now turns its attention to the Plaintiffs' Motion.

This case involves two agreements. The first is a "Promissory Note and Construction Loan Agreement with Security Interest," dated January 15, 2009, in the original principle amount of $1,200,000.00 signed and delivered to Plaintiffs' Haas and GMH by Defendants Donn and Premier. This Agreement matured on July 10, 2009. No payments have been made by Donn or Premier and, as of December 31, 2009, they owed Haas and GMH $2,400,000.00. The second agreement is a "Credit Agreement and Promissory Agreement," dated September 29, 2009, signed and delivered to Plaintiffs Haas, Hagood and Haha Mexico, by Defendant Premier in the original amount of $2,850,225.00; the Agreement was unconditionally and irrevocably guaranteed by Donn. This Agreement matured on August 20, 2010. No payments have been made and as of that date Premier and Donn owed Haas, Hagood and Haha Mexico $5,620,450.00. The respective Plaintiffs funded the Agreements and they remain the holders and owners of the Agreements. Pursuant to the Motion for Partial Summary Judgment, they now seeks to reduce the amounts owed to judgment.

The Defendants have filed and "Opposition" to the Motion, the first 8½ pages of which are simply a refreshing tutorial on federal summary judgment jurisprudence. In the remaining 2½ pages of substantive argument, the Defendants assert that Hagood, who is a licensed attorney in Texas, violated Rules 1.08 and 4.03 of the Texas Rules of Professional Conduct in negotiating the Agreements with Donn. According to the Defendants' defensive theory, Hagood effectively acted as Donn's attorney by giving him inadequate legal advise to induce the Defendants to enter into the unreasonable and usurious agreements the Plaintiffs now seek to enforce. In sum, "it is Lee Donn's contention that the transaction was completely and totally in violation of Mr. Hagood's fiduciary duty to a client, and was not reasonable, nor made with full disclosure and opportunity

2

to seek the advise of independent legal counsel." The Defendants, therefore, argue that since the Code of Conduct prohibits such transactions, the Court should find them to be illegal and *void ab initio*.

The Plaintiffs, of course, deny that Hagood acted as Donn's attorney, but, as they correctly point out, whether he did so, or was perceived by Donn to have done so, or not is immaterial. There simply is no private cause of action for violations of the Texas Disciplinary Rules. <u>Jones v. Blume</u>, 196 S.W.3d 440, 449-450 (Tex. App. -- Dallas, 2006)   The violations asserted by Donn cannot, therefore, constitute an affirmative defense to the Agreements even if the Agreements would be found prohibited under the Rules and subject Hagood to disciplinary action.

Insofar as the Defendants may be claiming the Agreements are unenforceably usurious, their argument fails. Plaintiffs have offered uncontested, reliable summary judgment evidence that under controlling Mexican law a claim of usury does not exist where the parties to a commercial agreement have contractually agreed to a specified rate of interest or return. The "free to contract" principle recognized by Mexican law bars the Defendants' usury defense.

In the opinion of this Court, the Plaintiffs are entitled to the partial summary judgment they seek together with reasonable attorneys' fees and costs incurred in enforcing the Agreements in Donn's guaranty.

It is, therefore, **ORDERED** that the "Plaintiffs' Partial Motion for Summary Judgment" (Instrument no. 19) is **GRANTED**; because this is a "partial" summary judgment a Final Judgment will be issued at the appropriate time in the future rendering:

a. judgment in favor of Haas and GMH against Donn and Premier, jointly and severally, for all actual damages incurred by Plaintiffs Haas and GMH as a result of the breach of the Promissory Note and Construction Loan Agreement with Security Interest by Defendants Donn and Premier, including but not limited to the principal amount due under such agreement in the amount of $2,400,000.00 plus post maturity interest on such amount at the rate of 6% per annum from and after December 31, 2009 until the date of judgment;

b. judgment in favor of Haas, Hagood and Haha Mexico against Premier and Donn, jointly and severally, for all actual damages incurred by such Plaintiffs as a result of Premier's breach of the Credit Agreement and Promissory Agreement and Donn's guaranty of same, including but not limited to the principle amount due in the amount of $5,620,450.00 plus post maturity interest on such amount at the rate of 6% per annum from and after August 20, 2010 until the date of judgment;

c. Plaintiffs' costs, including reasonable attorney's fees and expenses, as well as costs of court and other costs of collection through entry of judgment and any appeals;

d. post-judgment interest on all such amounts from the date of judgment until paid at the maximum rate allowed by law; and

e. such other and further relief, general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

**DONE** at Galveston, Texas, this _____12th_____ day of September, 2011.

_____
John R. Froeschner
United States Magistrate Judge